FILED
JAMES J. VILT, JR. - CLERK

DEC 15 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                  PLAINTIFF

v.                                        CRIMINAL NO. 3:25-CR-70-1-CHB

**JOSE MALAGON CASTRO**                                 DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, and defendant, **JOSE MALAGON CASTRO**, and his attorneys, Scott C. Cox, Scott Coleman Cox, II, and Michael R. Mazzoli have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment with the following: **Count 1, (International Money Laundering Conspiracy)**, violation of Title 18, U.S.C. § 1956(h), relating to as early as January 2020 continuing up to and through on or about December 2024, a conspiracy to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity; **Counts 2-4, (Money Laundering)**, violation of Title 18, U.S.C. § 1956(a)(1) and 2, relating to as early as 2020 continuing up to and through on or about December 2024, knowingly conducted and attempted to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is the proceeds from the sale and distribution of a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity; **Counts 5-24, (Money Laundering**

**Sting)**, violation of Title 18, U.S.C., § 1956(a)(3), relating to on or about and between April 23, 2024, and May 2, 2024, knowingly conducted financial transactions with an alleged narcotics trafficker with the intent to promote the carrying on of a specified unlawful activity, and to conceal or disguise the nature, location, source, ownership, and control of property represented to be the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law; and **Count 25, (Possession of a Firearm by a Prohibited Person)**, relating to on or about December 4, 2024, knowingly possessed, in and affecting commerce, a firearm with knowledge that he was an alien illegally and unlawfully in the United States.

    2.    Defendant has read the charge against him contained in the Indictment, and that charge has been fully explained to him by his attorneys. Defendant fully understands the nature and elements of the crime with which he has been charged.

    3.    Defendant will enter a voluntary plea of guilty to counts 1-25 of the Indictment. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

**Count 1**

Beginning at least as early as January 2020 and continuing up to and through December 2024, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **JOSE MALAGON CASTRO** conspired with the co-defendants Vanessa Avila Galaviz, Jose Martin Romero, Yeimi Hernandez Barahona, Kenia Hernandez Barahona, Kelin Hernandez Barahona, Suri Rosemeri Hernandez Del Cid, and others, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity. Specifically, through his contracted Money Service Business (MSB) service at his stores El Rey I, II and III, **JOSE MALAGON CASTRO** transmitted himself or directed and authorized his employees, to include Yeimi Hernandez Barahona, Kenia Hernandez Barahona, Kelin Hernandez Barahona, Suri Rosemeri Hernandez Del Cid, to transmit by wire drug proceeds provided by Jose Martin Romero, Vanessa Avila Galaviz and others to multiple beneficiaries and locations in Mexico. **JOSE MALAGON CASTRO** and his employees would conceal the source of these funds by listing

false sender names, addresses, and telephone numbers on the wires provided by Jose Martin Romero, Vanessa Avila Galaviz and others. Additionally, **JOSE MALAGON CASTRO** and his employees would take further steps to conceal and disguise the nature, location, source, ownership, and control of these proceeds, to include, intentionally splitting a single transaction into smaller amounts and multiple wires to evade detection from the MSBs' internal compliance programs and to avoid reporting requirements; spread out the timing of these monetary wire transfers; and use multiple stores to send these monetary wire transfers.

## Count 2

Beginning at least as early as January 2020 and continuing up to and through December 2024, in the Western District of Kentucky, Jefferson County, Kentucky the defendant **JOSE MALAGON CASTRO**, aided and abetted by co-defendants Jose Martin Romero, Vanessa Avila Galaviz, Yeimi Hernandez Barahona, Kenia Hernandez Barahona, Kelin Hernandez Barahona, Suri Rosemeri Hernandez Del Cid, and others conducted and attempted to conduct financial transactions affecting interstate and foreign commerce knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, that is the proceeds from the sale and distribution of a controlled substances, to include cocaine. Specifically, on August 6, 2024, co-defendant Jose Martin Romero, delivered $27,849 in drug proceeds to the El Rey I store which was then wired, between August 6 and 7, 2025, by **JOSE MALAGON CASTRO**, Kenia, Suri, and Kelin through El Rey Stores I and II to individuals in Mexico in a manner as to intentionally conceal and disguise the nature, location, source, ownership, and control of the drug proceeds as discussed in Count 1, which is hereby fully incorporated herein.

## Count 3

On August 9, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the co-defendant Jose Martin Romero, delivered $24,909 in drug proceeds to the El Rey I store which was then wired, between August 9 and 11, 2024, by **JOSE MALAGON CASTRO**, Yeimi, Kenia, and Kelin through El Rey Stores I and II to individuals in Mexico in a manner as to intentionally conceal and disguise the nature, location, source, ownership, and control of the drug proceeds as discussed in Count 1, which is hereby fully incorporated herein.

## Count 4

On August 30, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the co-defendant Jose Martin Romero, delivered $9,284 in drug proceeds to the El Rey I store which was then wired, on August 30, 2024, by **JOSE MALAGON CASTRO**, Kenia, Vanessa, and Kelin through El Rey Stores I to individuals in Mexico in a manner as to intentionally to conceal and disguise the nature, location, source, ownership, and control of the drug proceeds as discussed in Count 1, which is hereby fully incorporated herein.

**Counts 5-24**

Between April 23, 2024, and May 2, 2024, in the Western District of Kentucky, Jefferson County, Kentucky the defendant **JOSE MALAGON CASTRO**, aided and abetted by co-defendants Kenia Hernandez Barahona and Suri Rosemeri Hernandez Del Cid, knowingly conducted financial transactions, that is, the funds, in the amounts listed below, with an alleged narcotics trafficker with the intent to promote the carrying on of a specified unlawful activity, that is drug trafficking; and to conceal or disguise the nature, location, source, ownership, or control of property represented to be the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law.

| Counts | Date of Offense | MSB Agent | Defendant(s) | Transaction Number | Financial Transaction |
|---|---|---|---|---|---|
| 5 | 04/23/2024 | EL REY I | CASTRO & KENIA | US122763610 | Wire Transfer of $2,870 |
| 6 | 04/23/2024 | EL REY I | CASTRO & KENIA | US122763652 | Wire Transfer of $2,850 |
| 7 | 04/23/2024 | EL REY I | CASTRO & KENIA | US122763712 | Wire Transfer of $2,890 |
| 8 | 04/23/2024 | EL REY I | CASTRO & KENIA | US122763844 | Wire Transfer of $2,870 |
| 9 | 04/23/2024 | EL REY I | CASTRO & KENIA | US122763929 | Wire Transfer of $2,850 |
| 10 | 04/23/2024 | EL REY I | CASTRO & KENIA | US122763968 | Wire Transfer of $2,890 |
| 11 | 04/23/2024 | EL REY II | CASTRO & SURI | US122765599 | Wire Transfer of $2,882 |
| 12 | 04/23/2024 | EL REY II | CASTRO & SURI | US122765487 | Wire Transfer of $2,882 |
| 13 | 04/23/2024 | EL REY II | CASTRO & SURI | US122765345 | Wire Transfer of $2,882 |
| 14 | 04/23/2024 | EL REY II | CASTRO & SURI | US122765176 | Wire Transfer of $2,882 |
| 15 | 04/23/2024 | EL REY II | CASTRO & SURI | US122765093 | Wire Transfer of $2,882 |
| 16 | 04/23/2024 | EL REY II | CASTRO & SURI | US122765007 | Wire Transfer of $2,882 |
| 17 | 04/23/2024 | EL REY II | CASTRO & SURI | US122764791 | Wire Transfer of $2,870 |
| 18 | 04/23/2024 | EL REY II | CASTRO | US122786985 | Wire Transfer of $2,882 |
| 19 | 04/23/2024 | EL REY II | CASTRO | US122785742 | Wire Transfer of $2,882 |
| 20 | 04/23/2024 | EL REY II | CASTRO | US122779065 | Wire Transfer of $2,582 |
| 21 | 04/23/2024 | EL REY II | CASTRO | US122778376 | Wire Transfer of $2,600 |

| 22 | 04/23/2024 | EL REY II | CASTRO | US122776603 | Wire Transfer of $2,482 |
| 23 | 04/23/2024 | EL REY II | CASTRO | US122774327 | Wire Transfer of $2,482 |
| 24 | 05/02/2024 | EL REY II | CASTRO | US123145648 | Wire Transfer of $1,385 |

**Count 25**

On December 4, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JOSE MALAGON CASTRO**, knowingly possessed, in and affecting commerce, a firearm, that is:

- an Aguirre Y Aranzabal (AYA), model 4/53, 12-gauge shotgun bearing serial number 511460;
- a Marlin Firearms Company, model 336W, 30-30 rifle bearing serial number MR62981G;
- a Henry Repeating Rifle Company, model H004GE Golden Eagle, .22lr rifle bearing serial number GE000828;
- a Maverick Arms, model 88, 12-gauge shotgun bearing serial number MV0874810;
- a Colt, model King Cobra, .357 magnum revolver, bearing serial number RA226632;
- a Smith & Wesson, model CSX, 9mm pistol bearing serial number SBC9395;

and ammunition, with knowledge that he, as a citizen of Mexico, was an alien illegally and unlawfully in the United States.

4. Defendant understands that the charge to which he will plead guilty carries the following penalty: **Count 1**, a maximum of not more than twenty (20) years' imprisonment, a fine up to $500,000 or twice the values of the funds involved, and no more than three (3) years' supervised release; **Counts 2-4**, a maximum of not more than twenty (20) years' imprisonment, a fine up to $500,000 or twice the values of the funds involved, and no more than three (3) years' supervised release (each Count); **Counts 5-24**, a maximum of not more than twenty (20) years' imprisonment, a fine up to $500,000, and no more than three (3) years' supervised release (each Count); **Count 25**, a maximum of not more than fifteen (15) years' imprisonment, a fine up to $250,000 or twice the values of the funds involved, and no more than three (3) years' supervised

release; **Total**, a maximum of not more than 475 years' imprisonment, a fine up to $11,750,000 or twice the values of the funds involved, and no more than three (3) years' supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. **The right to a public and speedy trial:** If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy

6

trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.    **The right to confront and produce evidence**: At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C.    **The right against self-incrimination:** At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    8.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. Defendant understands that the United States will inform the court that <u>no</u> <u>restitution</u> is owed. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses involving individuals to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States and the defendant **JOSE MALAGON CASTRO** agree to the following:

> - agree that a sentence of seventy (70) months imprisonment is the appropriate disposition of this case;
>
> -agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea;
>
> -agree to a term of not less than three (3) years' supervised release;
>
> -agree to forfeiture of $516,800.00 in United States Currency and all firearms and ammunition seized from the defendant and described herein; and
>
> -Agree to a fine at the low end of guidelines as determined by the Court to apply in this case, provided the Court determines the defendant has the ability to pay a fine.

12. Both parties have reserved for sentencing all arguments relating to the applicable advisory guideline range.

      A.     The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

      B.     The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13.    Defendant agrees to the following waivers of appellate and post-conviction rights:

    A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

    B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

    C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under proposed amended USSG §1B1.13(b)(6) ("Unusually Long Sentence").

14. Defendant agrees to the forfeiture of any interest he or his nominees may have in the Defendant's proceeds and property involved in, used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the crimes contained within this Indictment, to include but not limited to: $516,800.00 in United States Currency and all firearms and ammunition seized from the defendant including but not limited to: a) an Aguirre Y Aranzabal (AYA), model 4/53, 12-gauge shotgun bearing serial number 511460; b) a Marlin Firearms Company, model 336W, 30-30 rifle bearing serial number MR62981G; c) a Henry Repeating Rifle Company, model H004GE Golden Eagle, .22lr rifle bearing serial number GE000828; d) a Maverick Arms, model 88, 12-gauge shotgun bearing serial number MV0874810; e) a Colt, model King Cobra, .357 magnum revolver, bearing serial number RA226632; f) a Smith & Wesson, model CSX, 9mm pistol bearing serial number SBC9395; and g) ammunition. Defendant stipulates and agrees that the above-listed property was involved in, used, or intended to be used to commit or facilitated the commission of the violations in Counts 1 through 25 of the Indictment, and represents proceeds thereof. Defendant further stipulates that he is the sole owner of the above-listed property, and no other person or entity has any interest in this property (legal, equitable, or otherwise).

15. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and Defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges, are contingent on the district court's subsequent acceptance of this plea agreement. If this agreement allows Defendant to plead to a lesser-included offense, Defendant agrees that his original charges will automatically be reinstated and Defendant waives any double jeopardy rights he may have with respect to the greater offense if the court subsequently rejects the parties' plea agreement—even if Defendant declines to withdraw his guilty plea to the lesser-included offense.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21. The Defendant understands and agrees, consistent with the provisions of 18 U.S.C. § 3143, that following the change of plea the defendant may be detained pending sentencing.

22. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:
_____       12-15-2025
Mac Shannon                              Date
Joe Ansari
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.
an
_____       15 DEC 25
Jose Malagon Castro                     Date
Defendant

12

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     _15 DEC 25_____
Scott C. Cox                                            Date
Scott Coleman Cox, II
Michael R. Mazzoli
Counsel for Defendant